# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **ARTHUR A. BLUMEYER III,** ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:98CV301(JCH) |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's "Motion to Set-Aside Judgment of July 19, 1996 Pursuant to F.R.Cv.P. 60(B)(6)" [Doc. #45]. Also before the Court are movant's motions for appointment of counsel [Doc. #46] and for bail pending adjudication [Doc. #47].

## Background

Movant was convicted of twenty-two counts of wire fraud, mail fraud and conspiracy, and five counts of money laundering stemming from a complex fraud scheme involving insurance companies formed and owned by movant. See United States v. Blumeyer, 4:93CR68(JCH) (E.D. Mo.). This Court granted movant a new trial based on allegations of juror misconduct, but the Eighth Circuit Court of Appeals reversed the grant of a new trial, reinstated movant's convictions, and remanded the case for sentencing. See United States v. Blumeyer, ("Blumeyer I"), 62 F.3d 1013 (8th Cir. 1995). Movant was sentenced to 262 months of

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

imprisonment.  Movant's convictions and sentences were affirmed by the Eighth Circuit.  See United States v. Blumeyer, ("Blumeyer II"), 114 F.3d 758 (8th Cir. 1997).

In the instant action, movant sought to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  Movant's § 2255 motion raised the following grounds for relief: (1)perjury by an F.B.I. agent; (2) ineffective assistance of trial counsel (various pre-trial and trial actions or omissions); (3) ineffective assistance of counsel at sentencing; (4) ineffective assistance of appellate counsel; and (5) that movant's sentence violated Apprendi v. New Jersey, 530 U.S. 466 (2000).

In a Memorandum and Order issued on March 29, 2001, this Court denied movant's § 2255 motion.  As set forth in more detail in the Memorandum and Order, each ground asserted in movant's § 2255 motion was either denied on the merits or denied because movant had raised them in his direct appeal and the Eighth Circuit had rejected them.  See Dall v. United States, 997 F.2d 571, 572 (8th Cir. 1992); see also United States v. Sanders, 723 F.2d 34 (8th Cir. 1983).  Movant filed a notice of appeal, but was denied a certificate of appealability by the Eighth Circuit and his appeal was dismissed.  See Blumeyer v. United States, No. 01-2404 (8th Cir., Aug. 8, 2001).  Movant also sought and was denied permission to file a second or successive § 2255 motion by the Eighth Circuit.  See Blumeyer v. United States, No. 02-1617 (8th Cir., May 29, 2002).

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**The motion**

In the instant Rule 60(b)(6) motion, movant asserts that he is "actually innocent" and that his innocence creates a gateway through which he can - again - assert essentially the same claims set forth (and rejected) in his original § 2255 motion.

**Discussion**

Movant's Rule 60(B)(6) motion should be denied. First, while no express time limit applies to such motions, they still must be brought within a "reasonable time." See Fed. R. Civ. P. 60(B)(6). As noted above, this Court denied movant's § 2255 action in March 2001. The Eighth Circuit denied movant a certificate of appealability in August 2001. The instant Rule 60(b)(6) motion was not filed until November 4, 2005 - more than four years after the judgment in this case became final. No reason is given for the delay and - because the instant motion merely reasserts claims contained in the original § 2255 motion - the Court can find no reasonable explanation for the delay. Therefore, the instant Rule 60(B)(6) is not brought within a reasonable time.

Second, because the instant Rule 60(B)(6) motion simply seeks to get this Court to re-visit the § 2255 claims it already addressed and rejected on the basis that movant is "actually innocent," movant has failed to establish a reason for relief under Rule 60(B)(6). As noted above, this Court addressed

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

movant's § 2255 claims on the merits or dismissed them because rejected by the Eighth Circuit on direct appeal.  Movant's unsupported claim of "actual innocence" does not create a gateway or provide a reason for re-visiting claims this Court or the Eighth Circuit have already addressed and rejected on the merits.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that movant's "Motion to Set-Aside Judgment of July 19, 1996 Pursuant to F.R.Cv.P. 60(B)(6)" [Doc. #45] is **DENIED**.

**IT IS FURTHER ORDERED** that movant's motion for appointment of counsel [Doc. #46] is **DENIED**.

**IT IS FURTHER ORDERED** that movant's motion for bail pending adjudication [Doc. #47] is **DENIED**.

Dated this 10th day of November, 2005.

/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com