UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ARTHUR A. BLUMEYER III,       )
                              )
        Movant,               )
                              )
    v.                        )    No. 4:98CV301(JCH)
                              )
UNITED STATES OF AMERICA,     )
                              )
        Respondent.           )

**MEMORANDUM AND ORDER**

This matter is before the Court on movant's "Motion to Set-Aside Order Dismissing Movant's Habeas Request Motion for Bail Pending Resolution of this Matter" [Doc. #49].

**Background**

Movant was convicted of twenty-two counts of wire fraud, mail fraud and conspiracy, and five counts of money laundering stemming from a complex fraud scheme involving insurance companies formed and owned by movant. See United States v. Blumeyer, 4:93CR68(JCH) (E.D. Mo.). This Court granted movant a new trial based on allegations of juror misconduct, but the Eighth Circuit Court of Appeals reversed the grant of a new trial, reinstated movant's convictions, and remanded the case for sentencing. See United States v. Blumeyer, ("Blumeyer I"), 62 F.3d 1013 (8th Cir. 1995). Movant was sentenced to 262 months of imprisonment. Movant's convictions and sentences were affirmed

1

by the Eighth Circuit.  See United States v. Blumeyer, ("Blumeyer II"), 114 F.3d 758 (8th Cir. 1997).

In the instant action, movant sought to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  Movant's § 2255 motion raised the following grounds for relief: (1)perjury by an F.B.I. agent; (2) ineffective assistance of trial counsel (various pre-trial and trial actions or omissions); (3) ineffective assistance of counsel at sentencing; (4) ineffective assistance of appellate counsel; and (5) that movant's sentence violated Apprendi v. New Jersey, 530 U.S. 466 (2000).

In a Memorandum and Order issued on March 29, 2001, this Court denied movant's § 2255 motion.  As set forth in more detail in the Memorandum and Order, each ground asserted in movant's § 2255 motion was either denied on the merits or denied because movant had raised them in his direct appeal and the Eighth Circuit had rejected them.  See Dall v. United States, 997 F.2d 571, 572 (8th Cir. 1992); see also United States v. Sanders, 723 F.2d 34 (8th Cir. 1983).  Movant filed a notice of appeal, but was denied a certificate of appealability by the Eighth Circuit and his appeal was dismissed.  See Blumeyer v. United States, No. 01-2404 (8th Cir., Aug. 8, 2001).  Movant also sought and was denied permission to file a second or successive § 2255 motion by the Eighth Circuit.  See Blumeyer v. United States, No. 02-1617 (8th Cir., May 29, 2002).

On November 4, 2005, movant filed a Rule 60(b)(6) motion

which, in effect, sought to reverse the dismissal of his § 2255 action. See Doc. #45. In that motion, movant asserted that he was "actually innocent" and that his innocence created a gateway through which he can - again - assert essentially the same claims set forth (and rejected) in his original § 2255 motion. Id. This Court denied movant's motion for relief pursuant to Rule 60(b)(6). See Doc. #48.

**The instant motion**

In the instant Rule 60(b) motion - which is movant's second such motion in this case - movant again seeks to have this Court's dismissal of his § 2255 application vacated. In this case, however, movant seeks to "reopen his § 2255 action to determine if fraud against the Court was committed."

**Discussion**

The instant Rule 60(b) motion should be denied. While no express time limit applies to Rule 60(b) motions brought pursuant to subsections (4), (5), and (6), they still must be brought within a "reasonable time." See Fed. R. Civ. P. 60(b)(6). Furthermore, Rule 60(b)(3) states that motions based on fraud by an adverse party must be made "not more than one year after the judgment, oreder, or proceeding was entered or taken." See Fed. R. Civ. P. 60(b). This Court denied movant's § 2255 action in March 2001. The Eighth Circuit denied movant a certificate of appealability in August 2001. The instant Rule 60(b)motion was

not filed until December 9, 2005 - more than four years after the judgment in this case was entered and became final.  Therefore, the instant Rule 60(b) motion is not timely.

Furthermore, movant's assertion that the affidavits supplied in connection with the underlying § 2255 action by Mr. Robert Wendt (his trial counsel) and Mr. Burton Shostak (his sentencing counsel) are "fraudulent" is based wholly on conjecture.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that movant's "Motion to Set-Aside Order Dismissing Movant's Habeas Request Motion for Bail Pending Resolution of this Matter" [Doc. #49] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court accept no further pleadings, documents or other papers for filing in this case except for those pleadings, documents, or other papers necessary to appeal the orders of this Court denying movant's motions for relief pursuant to Rule 60(b).

Dated this <u>20th</u> day of December, 2005.

<u>/s/ Jean C. Hamilton</u>
**UNITED STATES DISTRICT JUDGE**