**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **ARTHUR BLUMEYER III,** | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) Case No. 4:98CV301 JCH |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on movant's pro se "First Amended Motion for Writ of Habeas Corpus and Motion to Consolidate." The motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 & 2255 but has not been certified by the United States Court of Appeals for the Eighth Circuit as required by the AEDPA. As a result, the motion will be dismissed.

Movant was convicted of twenty-two counts of wire fraud, mail fraud and conspiracy, and five counts of money laundering by a jury in early 1994. United States v. Blumeyer, 114 F.3d 758, 764 (8th Cir. 1997). As a result of the conviction, this Court sentenced movant to 262 months' imprisonment. Id.

Movant filed his first motion to vacate pursuant to 28 U.S.C. § 2255 on February 18, 1998. This Court denied the motion, and the United States Court of Appeals for the Eighth Circuit denied movant's application for a certificate of appealability on August 27, 2001.

In the instant motion, movant claims that new evidence shows that his counsel, Robert Wendt, was working in concert with the United States Attorney's office to secure a presidential pardon for crimes he committed in the 1980's. Movant claims that Wendt's cooperation with the United States Attorney's office is evidence of a conflict of interest sufficient to overturn his criminal conviction. Movant also asserts that he is actually innocent.

Under 28 U.S.C. § 2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense . . .

Absent certification from the United States Court of Appeals, this Court lacks authority under § 2255 to grant movant's requested relief. As a result, the motion shall be dismissed.

Also before the Court is movant's "Request for Bail," which the Court shall construe as a motion to be released on bail. Movant contends that he should be released from prison because he is actually innocent and because his behavior has been outstanding during the time he has been incarcerated. This Court lacks authority to grant the requested relief and the motion shall be denied.

Accordingly,

**IT IS HEREBY ORDERED** that movant's pro se "First Amended Motion for Writ of Habeas Corpus is **DENIED.**

**IT IS FURTHER ORDERED** that movant's motion to be released on bail is **DENIED.**

Dated this 20th day of December, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE